UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THOMAS FIELDS,

                     Plaintiff,

     -against-

SUPERINTENDENT WILLIAM LEE, *et al.*,

                  Defendants.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 2 6 2013

ORDER

12 Civ. 480 (AJN)

ALISON J. NATHAN, District Judge:

     Plaintiff Thomas Fields, proceeding *pro se* and *in forma pauperis*, brings this action alleging that staff at the Green Haven Correctional Facility physically and sexually assaulted him, denied him mental health treatment, and deprived him of his due process rights during a Tier III disciplinary hearing, all in violation of 42 U.S.C. § 1983. Named as defendants are: Superintendent William Lee; Captain Royce; Officer Bressett; Sergeant O'Connor; Dr. Kim; Dr. Neubauer; Dr. Morlas; Mental Health Therapist Ms. Ross; Sergeant Lacose; and Officer Kovac.[1] All defendants move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. # 41) For the reasons that follow, Defendants' motion is GRANTED in part and DENIED in part.

---

[1] Plaintiff occasionally refers to Royce as "Royce" and Morlas as "Moreless."

1

I.  **LEGAL STANDARD**

When deciding a motion to dismiss, the Court must accept as true all well-pleaded facts and draw all reasonable inferences in favor of the nonmoving party. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a *pro se* complaint must contain sufficient factual allegations to meet this plausibility standard, such a complaint must be liberally construed, meaning that the Court should interpret the complaint to raise the strongest claims that it suggests. *Mahadeo v. New York City Campaign Finance Bd.*, No. 12-772, 2013 WL 1092613, at *1 (2d Cir. Mar. 18, 2013) (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

II.  **BACKGROUND**

The following facts are taken from Plaintiff's amended complaint and his memorandum in opposition to Defendants' motion to dismiss. *See Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 448 (S.D.N.Y. 2012) (noting that although a court generally may not look beyond the pleadings when reviewing a 12(b)(6) motion to dismiss, because a *pro se* plaintiff's allegations must be construed liberally, the court may consider factual allegations made in a *pro se* plaintiff's opposition memorandum, as long as the allegations are consistent with the complaint).

The Assault

On the morning of July 13, 2011, while he was in punitive segregation, Plaintiff asked to see a mental health practitioner. Plaintiff alleges that Officer Bressett and Sergeant O'Connor

2

denied his request and physically and sexually assaulted him with a baton while he was handcuffed, causing him to suffer "minor injuries" and to lose consciousness. According to Plaintiff, Officer Kovac, Dr. Neubauer and an unidentified mental health colleague were present for the assault but failed to intervene.

### The Tier III Hearing

Plaintiff alleges that, in an effort to cover up the assault, Officer Kovac wrote a false misbehavior report accusing Plaintiff of assaulting corrections staff. A Tier III hearing took place on August 3, 2011. The hearing was allegedly deficient in a number of ways. For example, Plaintiff alleges that his employee assistant, Sergeant Lacose, presented falsified documents and was otherwise ineffective; Officer Bressett falsely testified that he was not present when the assault occurred; and Captain Royce, who presided over the hearing, denied Plaintiff the opportunity to call Dr. Neubauer and other mental health staff as witnesses, knowingly admitted false documents and testimony, and was generally biased. Captain Royce found Plaintiff guilty of assault and other charges and sentenced him to six months in punitive segregation and loss of three months' good time.

Plaintiff filed an administrative appeal of this determination. On appeal, the hearing determination was reversed due to an unspecified procedural error.

### Superintendent Lee

Following his Tier III hearing, Plaintiff wrote a letter to Superintendent Lee, dated August 4, 2011, stating that Officer Bressett had sexually assaulted him and that Plaintiff's Tier III hearing had been unfair. Plaintiff asked Superintendent Lee not only to look into and investigate the matter, but also to review the hearing tapes. Superintendent Lee's response, dated August 9, 2011, was that after reviewing the hearing documents, he found "that staff used force

3

appropriately to defend themselves and control [Plaintiff]." Superintendent Lee did not address Plaintiff's assault allegations. According to Plaintiff, if Lee had listened to the recording of the Tier III proceeding, he would have "witnessed first hand the violation and misconduct of his staff or had a better [assessment] of the situation."

<u>The Mental Health Defendants</u>

Dr. Neubauer, Dr. Kim, Dr. Morlas, and Ms. Ross are mental health practitioners at Green Haven. According to Plaintiff, they participated in covering up the July 13, 2011 assault by refusing to testify at Plaintiff's Tier III hearing, falsifying documents, and changing Plaintiff's diagnosis. They also allegedly failed to provide Plaintiff with adequate mental health treatment and did nothing to keep him out of punitive segregation, despite knowing that he was mentally unfit for such treatment. Plaintiff contends that this ultimately led him to attempt suicide, resulting in serious injuries that required hospitalization.

## III. DISCUSSION

The Court construes the Amended Complaint as raising the following three categories of claims:

> (1) violation of Plaintiff's Eighth Amendment rights when Officer Bressett and Sergeant O'Connor physically and sexually assaulted Plaintiff, when Officer Kovac and Dr. Neubauer were present for, but failed to intervene in, the assault, and when Superintendent Lee failed to respond to Plaintiff's subsequent report of the assault;
>
> (2) violation of Plaintiff's Eighth Amendment rights when Dr. Kim, Dr. Neubauer, Dr. Morlas, and Ms. Ross denied Plaintiff adequate mental health treatment; and
>
> (3) violation of Plaintiff's due process rights when Officer Kovac filed a false misbehavior report, when Officer Bressett and Officer Kovac falsified evidence related to Plaintiff's Tier III hearing, when Dr. Kim, Dr. Neubauer, Dr. Morlas, and Ms. Ross refused to testify at Plaintiff's Tier III hearing, when Sergeant Lacose provided Plaintiff ineffective assistance at his Tier III hearing, when Captain Royce admitted falsified evidence at the hearing and denied Plaintiff the ability to call certain witnesses, and when Superintendent Lee failed to respond to Plaintiff's subsequent report of these supposed violations.

4

Defendants move to dismiss each of these claims on the grounds that (A) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"); (B) Plaintiff's factual allegations are insufficient to state a claim for relief; and (C) Defendants are entitled to qualified immunity.[8] The Court addresses each of these arguments in turn.

## A. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the PLRA, a prisoner must exhaust all available administrative remedies before initiating a lawsuit regarding prison conditions. 42 U.S.C. § 1997e(a). The PLRA "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, it requires "proper exhaustion – that is, using all steps that the agency holds out, and doing so properly." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (internal quotes and citations omitted). "This entails both completing the administrative review process in accordance with the applicable procedural rules and providing the level of detail necessary in a grievance to comply with the grievance procedures." *Id.* (internal quotes and citations omitted).

"Exhaustion is mandatory – unexhausted claims may not be pursued in federal court." *Id.* However, if a complaint contains claims that have been properly exhausted as well as claims that have not, the Court must dismiss only the unexhausted claims and not the complaint in its entirety. *Jones v. Bock*, 549 U.S. 199, 219-222 (2007).

---

[8] Initially, Defendants also moved to dismiss all claims brought against them in their official capacities as barred by the Eleventh Amendment. However, after Plaintiff clarified in his opposition papers that he is suing Defendants solely in their individual capacities, Defendants withdrew their Eleventh Amendment argument. (Opp. 12-13; Reply 6, n. 2)

The New York State Department of Correction and Community Supervision ("DOCCS") has a three-step administrative procedure for grievances referred to as the Inmate Grievance Program ("IGP"). *See* N.Y. Corr. L. § 139; N.Y.C.R.R., Title 7, Part 701. *See also Amador*, 655 F.3d at 96-8. First, within twenty-one days of the occurrence being complained of, an inmate must file a grievance with the Inmate Grievance Resolution Committee ("IGRC"). 7 N.Y.C.R.R. § 701.5(a)(1). "[T]the grievance should contain a concise, specific description of the problem and the action requested and indicate what actions the grievant has taken to resolve the complaint." 7 N.Y.C.R.R. § 701.5(a)(2). Within seven days of receiving a written response from the IGRC, an inmate can appeal to the superintendent of his facility. 7 N.Y.C.R.R. § 701.5(c)(1). Finally, within seven days of receiving the superintendent's decision, the inmate may appeal the written decision of the superintendent to the Central Office Review Committee ("CORC"). 7 N.Y.C.R.R. § 701.5(d)(1)(i).

Grievances alleging "employee misconduct meant to annoy, intimidate or harm an inmate" are processed through an expedited procedure. 7 N.Y.C.R.R. § 701.8. Such grievances are forwarded directly to the facility superintendent the day they are received by the grievance clerk, and the superintendent must decide the grievance within twenty-five days. 7 N.Y.C.R.R. §§ 701.8(b), (f). If the superintendent fails to respond within this period, the inmate may appeal directly to CORC. 7 N.Y.C.R.R. § 701.8(g).

### 1. Legal Standard with Respect to Exhaustion

Failure to exhaust administrative remedies "is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. Accordingly, dismissal under Rule 12(b)(6) for non-

exhaustion is appropriate only if a plaintiff's failure to exhaust is evident on the face of the complaint. *Id.* at 215.

Here, Defendants do not contend that Plaintiff's failure to exhaust his administrative remedies is apparent on the face of the Amended Complaint. Instead, they ask the Court to consider evidence outside the Amended Complaint; specifically, the declaration of Laura Stanaway, the Acting Inmate Grievance Program Supervisor at Green Haven Correctional Facility, and the declaration of Karen Bellamy, Director of the Inmate Grievance Program of the New York State Department of Correction and Community Supervision.[2] (Mot. 8-9) In opposing Defendants' motion, Plaintiff has also submitted additional documentary evidence not attached to or referenced in the Amended Complaint. Given that all parties rely on evidence external to the pleadings, conversion of Defendants' motion to dismiss into a motion for summary judgment is appropriate. *See, e.g., Simmons v. Cripps*, No. 12 Civ. 1061, 2013 WL 1290268, at *8 (S.D.N.Y. Feb. 15, 2013) (if non-exhaustion is not clear from the face of the complaint, motion to dismiss may be converted to motion for summary judgment on limited issue of exhaustion).

Summary judgment is properly granted if, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Nabisco, Inc. v. Warner–Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000). For summary judgment purposes, a genuine issue exists if the evidence is such that a reasonable jury could decide in the non-moving

---

[2] In connection with their motion, Defendants provided Plaintiff with the notice required pursuant to Local Civil Rule 12.1. (Dkt. # 42)

7

party's favor. *Id.* It is with this standard in mind that the Court considers Defendants' arguments regarding non-exhaustion.

## 2. The Factual Record Regarding Exhaustion[3]

Following the alleged assault on July 13, 2011, Plaintiff filed two grievances with the IGRC. The first was dated August 4, 2011 and was stamped received by the IGRC on August 9, 2011 (the "August 4th grievance"). (Stanaway Decl. Ex A; Opp. Ex. D) The August 4th grievance recounted various deficiencies in Plaintiff's Tier III hearing; accused Officer Bressett of subjecting Plaintiff to threats, harassment, and verbal and physical abuse; and asserted that Officer Bressett and Sergeant O'Connor had placed Plaintiff in "mechanical restraints." (*Id.*)

Plaintiff's second grievance was dated August 5, 2011 and was also stamped received by the IGRC on August 9, 2011 (the "August 5th grievance"). (Opp. Ex. A) The August 5th grievance accused Officer Bressett of subjecting Plaintiff and other "mental health" patients to threats, assault, sexual abuse and harassment and stated that "Officer Bressett doesn't know how to deal with or handle inmates with mental disabilities." (*Id.*)

On or about August 23, 2011, Plaintiff received a notice from the IGRC stating that his August 4th grievance was dismissed as non-grievable. (Opp. Ex. D-2) Plaintiff received no response to his August 5th grievance. (Opp. 10)

In the interim, Plaintiff also sent a letter to Superintendent Lee. (Opp. Ex. B) In the letter, Plaintiff accused Officer Bressett of a history of abuse with respect to "mental health inmates" and recounted Officer Bressett's assault of Plaintiff at the direction of "a Sergeant." (*Id.*) Plaintiff also asked Superintendent Lee to review the tapes from his Tier III hearing, noting that there had been both false testimony and falsified documents admitted at the hearing. (*Id.*)

---

[3] The following facts are either undisputed to taken in the light most favorable to Plaintiff.

8

On August 9, 2011, Superintendent Lee responded to Plaintiff's letter. (Opp. Ex. C) In his response, Superintendent Lee concluded that "relative to the incident of July 13, 2011, . . . staff used forced appropriately to defend themselves and control you." (*Id.*) Superintendent Lee declined to modify the hearing determination but advised Plaintiff of his right to appeal. (*Id.*)

Plaintiff was subsequently transferred to Marcy Hospital for treatment. (Opp. 10-11) During this time, he sent at least one letter to Laura Stanaway indicating that he had not received responses to his grievances and asking that the grievances be appealed to CORC. (Opp. Ex. F) CORC has no record of any such appeals. (Bellamy Decl. ¶ 5)

### 3. Whether Plaintiff Properly Exhausted His Claims

Defendants contend that they are entitled to judgment on each of Plaintiff's claims because he failed to properly grieve them. While the Court agrees that Plaintiff failed to exhaust his claims for inadequate mental health treatment as well as his assault-based claims against Officer Kovac and Dr. Neubauer, the Court is unpersuaded that Plaintiff failed to exhaust either his assault claims against Officer Bressett and Sergeant O'Connor or his due process claims.

#### a) Plaintiff's Assault Claims

Defendants contend that Plaintiff failed to properly grieve his assault claims because neither the August 4th grievance nor the August 5th grievance names each of the defendants in the present lawsuit and because Plaintiff failed to appeal these grievances to CORC as required for complete exhaustion. (Mot. 8-9)

Under the PLRA "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Jones*, 549 U.S. at 219. All that is required by the PLRA is compliance with prison grievance procedures. *Id.* at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to

system and claim to claim[;] . . . it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

The Second Circuit has expressly held that the New York IGP regulations do not contain an identification requirement and that, as a result, "a New York state prisoner is not required to name responsible parties in a grievance in order to exhaust administrative remedies." *Espinal v. Goord*, 558 F.3d 119, 126 (2d Cir. 2009). However, the grievance must " provide enough information about the conduct of which [the grievant] complain[s] to allow prison officials to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004). Thus, in *Espinal*, the plaintiff's grievance was sufficient despite not naming each of the defendants because it included the specific date, time and location of the incident and therefore provided "enough information to alert the prison to the nature of the wrong for which redress was sought and to afford time and opportunity for the State to address the complaint internally." 558 F.3d at 127.

Here, the August 4th and August 5th grievances contain generalized allegations of ongoing abuse by Officer Bresset and at least one incident, on an unspecified date, that involved Sergeant O'Connor. These allegations are sufficient to put the prison on notice of alleged abuse by Officer Bressett and Sergeant O'Connor. Indeed, Officer Bressett and Sergeant O'Connor do not contend otherwise.

The allegations are not, however, sufficient to put the prison on notice of Plaintiff's claim that Officer Kovac and Dr. Neubauer were present for, but failed to intervene in, the abuse. The grievances neither expressly claim that other corrections staff were present for such incidents, nor contain enough information about the alleged abuse to allow the prison to identify other staff members who might have been present. If there were more specificity as to the incident being

grieved, the rule of *Espinal* might allow this claim to proceed against Officer Kovac and Dr. Neubauer even though they were not named in the grievance. But without that specificity, the accompanying failure to name these individuals requires dismissal.

While Officer Bressett and Sergeant O'Connor do not assert that the content of the August 4th and August 5th grievances is insufficient for exhaustion purposes, they do argue that they are entitled to judgment on Plaintiff's assault claims because Plaintiff failed to appeal these grievances to CORC. The Court disagrees.

The Second Circuit has recognized that "while the PLRA's exhaustion requirement is mandatory, certain caveats apply." *Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004) (internal citations omitted). For example, non-exhaustion may be excused if, through the defendants' own actions, the inmate's exhaustion of remedies has been inhibited or if "special circumstances" have been plausibly alleged that justify "the prisoner's failure to comply with administrative procedural requirements." *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (citations omitted).[4]

Based on the record currently before the Court and viewing all facts in the light most favorable to Plaintiff, Plaintiff's failure to appeal his grievances to CORC may warrant excusal. As an initial matter, it appears that although both of Plaintiff's grievances claimed that corrections staff had caused Plaintiff physical harm, neither grievance was processed in

---

[4] There is some question as to whether or not these exceptions to the exhaustion requirement remain applicable after *Woodford v. Ngo*, 548 U.S. 81 (2006), wherein the Supreme Court held that the PLRA requires "proper exhaustion," which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *See Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 175-76 (2d Cir. 2006) (declining to decide what effect, if any, *Woodford* has on the Second Circuit's articulated exceptions to the exhaustion requirement). However, it appears that the Second Circuit has continued to apply these exceptions even after *Woodford*. *See, e.g., Dennis v. Westchester Cnty. Jail Correctional Dept.*, 485 Fed. Appx. 478, 480 (2d Cir. June 13, 2012). In any event, Defendants do not argue that these exceptions are no longer good law.

accordance with the expedited procedure mandated for such claims. The August 4th grievance was processed by the IGRC as a complaint about Plaintiff's Tier III hearing, and the August 5th grievance was apparently never even logged by the IGRC. Furthermore, the IGRC's dismissal of Plaintiff's August 4th grievance as non-grievable was arguably misleading, suggesting that *all* of the claims contained in the August 4th grievance were non-grievable. In light of these facts and in this posture, the Court cannot conclude that Officer Bressett and Sergeant O'Connor are entitled to judgment on Plaintiff's assault claims based on a failure to exhaust.

### b) *Plaintiff's Mental Health Treatment Claims*

Disputes over medical treatment are subject to the PLRA exhaustion requirement. *See e.g.*, *Tolliver v. New York State Dept. of Correctional Servs.*, No. 08 Civ. 4561, 2009 WL 618371, at *4 (S.D.N.Y. Mar. 12, 2009); *Young-Flynn v. Wright*, No. 05 Civ. 1488, 2007 WL 241332, at *11 (S.D.N.Y. Jan. 26, 2007). However, neither the August 4th grievance nor the August 5th grievance complains that Plaintiff was denied adequate mental health treatment. As a result, Defendants are entitled to judgment on Plaintiff's claims for inadequate mental health treatment.

### c) *Plaintiff's Due Process Claims*

Unlike claims of assault or disputes regarding medical treatment, due process claims arising out of a Tier III disciplinary hearing cannot be grieved through the IGP. *Davis v. Barrett*, 576 F.3d 129, 132 (2d Cir. 2009). Indeed, the IGRC informed Plaintiff as much when it dismissed his August 4th grievance as non-grievable. (Opp. Ex. D-2) Rather than filing a grievance, Plaintiff was required to file an administrative appeal, which he did, as evidenced by the subsequent reversal of the hearing determination. (Opp. Exs. G, G-1, H) This is sufficient to satisfy the PLRA's exhaustion requirement. *Davis*, 576 F.3d at 132-33.

\* \* \*

In sum, the Court finds that Officer Kovac and Dr. Neubauer are entitled to judgment on Plaintiff's assault claims and that all Defendants are entitled to judgment on Plaintiff's mental health claims. However, Defendants have otherwise failed to establish that they are entitled to judgment on the basis of non-exhaustion.

### B. WHETHER PLAINTIFF HAS PLEAD SUFFICIENT FACTS TO STATE A CLAIM FOR RELIEF

Having granted judgment on Plaintiff's assault claims against Officer Kovac and Dr. Neubauer and on Plaintiff's claims for inadequate mental health treatment, the following claims remain for consideration with respect to Defendants' motion to dismiss:

> (1) violation of Plaintiff's Eighth Amendment rights when Officer Bressett and Sergeant O'Connor physically and sexually assaulted Plaintiff and when Superintendent Lee failed to respond to Plaintiff's subsequent report of the assault; and
>
> (2) violation of Plaintiff's due process rights when Officer Kovac filed a false misbehavior report, when Officer Bressett and Officer Kovac falsified evidence related to Plaintiff's Tier III hearing, when Dr. Kim, Dr. Neubauer, Dr. Morlas, and Ms. Ross refused to testify at Plaintiff's Tier III hearing, when Sergeant Lacose provided Plaintiff ineffective assistance at his Tier III hearing, when Captain Royce admitted falsified evidence at the hearing and denied Plaintiff the ability to call certain witnesses, and when Superintendent Lee failed to respond to Plaintiff's subsequent report of these supposed violations.

Defendants move to dismiss each of these claims as insufficiently pled.

#### 1. Plaintiff's Eighth Amendment Claims Against Officer Bressett and Sergeant O'Connor

Officer Bressett and Sergeant O'Connor move for dismissal of Plaintiff's Eighth Amendment claims on the grounds that their alleged conduct was not sufficiently severe to violate the Constitution. (Mot. 5-6; Reply 10-1) In support of their motion, they cite *Johnson v. Glick*, 481 F.2d 1028 (2d. Cir. 1973) for the proposition that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Constitution.

(Mot. 5) They also cite cases such as *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997) for the proposition that a correction officer's touching or pressing against an inmate without the inmate's consent is not sufficiently serious to constitute sexual abuse violative of the Constitution. (Reply 10-11) These arguments are misplaced.

In assessing an Eighth Amendment claim, the "core judicial inquiry . . . [is] not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Plaintiff does not assert that Officer Bressett and Sergeant O'Connor merely pushed, shoved, or groped him. Rather, Plaintiff alleges that after he was already handcuffed, Officer Bressett and Sergeant O'Connor physically assaulted him and that Sergeant O'Connor struck Plaintiff with his baton "focusing it between the legs and rectum of Plaintiff as he la[y] helpless on the floor." (Opp. 2-3) Plaintiff further contends that both defendants acted maliciously. (*Id.*) While Plaintiff appears to acknowledge that the injuries he suffered were "minor," he also alleges that they caused him to "los[e] consciousness." (Opp. 2) These factual allegations are sufficient to survive a motion to dismiss.

## 2. Plaintiff's Due Process Claims Against Captain Royce, Officer Bressett, Officer Kovac, Dr. Kim, Dr. Neubauer, Dr. Morlas, and Ms. Ross[5]

An inmate asserting a procedural due process claim must establish (1) that he possessed a protected liberty interest and (2) that he was deprived of that interest without due process. *Taylor v. Levesque*, 246 Fed. Appx. 772, 773 (2d Cir. 2007). In moving to dismiss Plaintiff's due process claims, Defendants do not address whether Plaintiff was deprived of a protected liberty interest. Instead, they contend that dismissal is warranted because Plaintiff has not plausibly alleged that the deprivation occurred without adequate process. For the reasons that follow, the Court agrees.

### a) Captain Royce

Plaintiff alleges that Captain Royce violated his due process rights when he denied Plaintiff the ability to call certain "mental health witnesses" and presided over the Tier III hearing in a biased manner, knowingly admitting false testimony and falsified documents. These allegations, standing alone, are insufficient to state a due process claim against Captain Royce.

An inmate subject to a disciplinary hearing is entitled to call witnesses, but only when doing so would not be "unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). An inmate's due process rights are not violated when his request to call a witness is denied either for a reason "logically related to preventing undue hazards to institutional safety or correctional goals," *Fox v. Coughlin*, 893 F.2d 475, 478 (2d Cir. 1990), or for irrelevance or lack of necessity, *Scott v. Kelly*, 962 F.2d 145, 147 (2d Cir. 1992). Thus, in order for an inmate to state a due process claim based on the denial of his request to call

---

[5] While Plaintiff also alleges that Sergeant Lacose deprived him of due process, the Court does not address this claim because Sergeant Lacose has not yet been served and because Defendants' motion papers do not specifically address these allegations.

15

a particular witness, he must plausibly allege that the denial was made without a valid reason. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Here, Plaintiff fails to allege any facts indicating that Captain Royce denied Plaintiff's request to call "mental health witnesses" without a valid reason. Consequently, this allegation is insufficient to state a due process claim against Captain Royce.

Plaintiff's due process claim against Captain Royce is also premised on the allegation that he presided over Plaintiff's Tier III hearing in a biased manner. To be sure, an inmate is entitled to an impartial hearing officer. *McCann v. Coughlin*, 698 F.2d 112, 122 (2d Cir. 1983); *Holmes v. Grant*, No. 03 Civ. 3426, 2006 WL 851753, at *10 (S.D.N.Y. Mar. 31, 2006). However, bare allegations of bias are not sufficient to state a due process claim – the inmate must plead facts indicating that the hearing officer was in fact unfair. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Here, Plaintiff pleads no facts in support of his bias claim. At most, he relies on bare allegations that Captain Royce knowingly admitted false documents and false testimony at the Tier III hearing – allegations which are themselves conclusory. Absent non-conclusory factual allegations indicating bias, Plaintiff's claim must be dismissed. *Edwards v. Horn*, No. 10 Civ. 6194, 2012 WL 473481, at *9 n.11 (S.D.N.Y. Feb. 14, 2012); *Gilbert v. Selsky*, 867 F.Supp. 159, 161 n.4 (S.D.N.Y. 1994).

### b) Officer Bressett and Officer Kovac

Plaintiff also contends that his due process rights were violated when Officer Kovac filed a false misbehavior report, which presumably initiated the Tier III disciplinary process, and when Officer Bressett falsely testified at the resulting Tier III hearing.

16

However, an inmate has no general constitutional right to be free from false accusations or false testimony. *Mitchell v. Senkowski*, 158 Fed. Appx. 346, 349 (2d Cir. Dec. 14, 2004) (citing *Boddie*, 105 F.3d at 862); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). The Constitution is only offended when procedural protections that would allow the inmate to expose the falsity of the allegations or the evidence are denied or when the fabrication of allegations or evidence is motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights. *See Mitchell*, 158 Fed. Appx. at 349.

In this action, Plaintiff does not allege that either Officer Bressett or Officer Kovak deprived him of procedural protections or that their conduct was motivated by retaliatory animus. Accordingly, Plaintiff has failed to state a due process claim against these defendants.

### c) Dr. Neubauer, Dr. Kim, Dr. Morlas and Ms. Ross

Plaintiff also seeks to hold Dr. Neubauer, Dr. Kim, Dr. Morlas and Ms. Ross liable for refusing to testify at his Tier III hearing. As detailed above, *supra* p. 15, an inmate does not have an unfettered right to call witnesses during a disciplinary hearing. He can be denied permission to call a witness for any reason "logically related to preventing undue hazards to institutional safety or correctional goals," *Fox*, 893 F.2d at 478, or for irrelevance or lack of necessity, *Scott*, 962 F.2d at 147. It follows that a witness may properly refuse to testify for any of these same reasons and that such a refusal would not violate the inmate's due process rights. Because Plaintiff has failed to allege that Dr. Neubauer, Dr. Kim, Dr. Morlas or Ms. Ross refused to testify for an improper reason, he has failed to state a due process claim against them.

### 3. Plaintiff's Eighth Amendment and Due Process Claims Against Superintendent Lee

Finally, the Court turns to Plaintiff's Eighth Amendment and due process claims against Superintendent Lee. Plaintiff seeks to hold Superintendent Lee liable for failing to respond to Plaintiff's letter complaining of his assault and his procedurally deficient Tier III hearing. Superintendent Lee contends that these claims must be dismissed because Plaintiff has failed to allege that he was personally involved in the alleged underlying constitutional violations. The Court agrees.

The mere failure to investigate an allegation of unconstitutional activity, without more, does not provide a basis for finding liability under § 1983. *Wingate v. Horn*, No. 05 Civ. 2001, 2007 WL 30100, at *6 (S.D.N.Y. Jan. 4, 2007) (citing cases); *Cancel v. Goord*, No. 00 Civ. 2042, 2001 WL 303713, at *8-9 (S.D.N.Y. Mar. 29, 2001) ("When an inmate sets forth a constitutional claim in a grievance to prison officials and that grievance is ignored, the inmate has the right to directly petition the government for a redress of that claim. Therefore, the refusal to process an inmate's grievance . . . does not create a claim under § 1983.").

While a supervisory employee may be subject to § 1983 liability if he knows or reasonably should know of a constitutional deprivation and, by virtue of his failure to properly investigate and remediate the matter, fails to prevent additional constitutional violations despite the authority to do so, *see Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995), Plaintiff does not allege, for example, that Superintendent Lee's failure to investigate led to further assaults by the defendant corrections officers or deprived Plaintiff of proper review of his Tier III hearing. Accordingly, Superintendent Lee's motion to dismiss is granted.

## C. WHETHER THE REMAINING DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Officer Bressett and Sergeant O'Connor's assertion of a qualified immunity defense warrants only brief discussion. Qualified immunity is unavailable if the defendant violated a clearly established right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Cerrone v. Brown*, 246 F.3d 194, 199 (2d Cir. 2001).

Inmates have a clearly established Eighth Amendment right to be free from force applied maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *See Wright v. Goord*, 554 F.3d 255, 268-69 (2d Cir. 2009). Plaintiff alleges that Officer Bressett and Sergeant O'Connor physically and sexually assaulted Plaintiff after he was already in handcuffs and lying "helpless" on the floor of his cell. He further alleges that they acted maliciously. Assuming the truth of these facts, as the Court is required to do on a motion to dismiss, Officer Bressett and Sergeant O'Connor are not entitled to qualified immunity at this stage of the litigation.

## D. SERVICE OF SERGEANT LACOSE

Plaintiff, who is incarcerated, relied on the United States Marshals to serve his summons and complaint. Court records show that DOCCS responded to service documents with forms indicating that there was no one at Green Haven named Lacose. (Dkt. # 19) As a result, Sergeant Lacose has not yet been served.

Plaintiff is entitled to assistance from the district court in identifying a defendant for purposes of service. *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). Plaintiff has indicated that Sergeant Lacose was his hearing assistant at his Tier III disciplinary hearing, which took place at Green Haven on August 3, 2011. Within sixty days of this Order, the New York State Attorney General's office is directed to identify the individual who assisted Plaintiff at this

hearing and to provide the individual's name, if different than that provided by Plaintiff, as well as an address at which the individual may be served.

## CONCLUSION

For the forgoing reasons, Plaintiff's mental health claims are dismissed for non-exhaustion; Plaintiff's assault claims against Officer Kovac and Dr. Neubauer are dismissed for non-exhaustion; Plaintiff's due process claims against all properly served defendants are dismissed for failure to state a claim; and Plaintiff's Eighth Amendment claim against Superintendent Lee is dismissed for failure to state a claim. Defendants' motion to dismiss, (Dkt. # 41), is otherwise denied.

SO ORDERED.

Dated: April 26, 2013
New York, New York

_____
ALISON J. NATHAN
United States District Judge